The Postmaster-General of the United States *against* Cochran, who is impleaded with Hawkins.

When the
plaintiff in a
declaration
on a bond
conditioned to
perform covenants, elects
to assign the
breaches, in
the first instance, in the
declaration,

THIS was an action of *debt*, on a *bond*, given by the defendants and *M. Ogden*, the 16th *November*, 1797, to the postmaster general of the *United States*. The declaration stated the execution of the bond, and set forth the condition, "that the said *Matthias Ogden* should well and truly *execute the office of deputy postmaster at Fort Edward*, and *faithfully, once in three months, and oftener if required, account for and pay all moneys that should come to*

*his hands* for the postage of letters and newspapers, and of whatever is by law chargeable with postage, to the postmaster-general, of the *United States*, for the time being, deducting only the allowances made by law for his care and trouble and charges in the said office." The plaintiff *avers*, that *Joseph Habersham* was then postmaster-general, [*]and that the plaintiff is his successor in office, and that the suit is commenced for the recovery of a debt or balance due to the general post-office—that the said *Matthias* did not, on the first day of *October*, 1801, nor at any time between that day and the first day of *July*, 1800, nor at any time since hath he *accounted* to the postmaster of the *United States* for all or any moneys that had come to his hands, as deputy postmaster aforesaid, during all or any part of that time for postage, &c.—That the said *Matthias* did not, on the first day of *July*, 1803, nor at any time during three months preceding, nor hath he hitherto, accounted to the postmaster-general of the *United States*, for all or any moneys that had come to his hands for postage, &c.—That on the first day of *October*, 1803, there came to his hands 27 dollars 14 cents of moneys for postage, &c. over and above the allowances made him by law, &c. and that the said *Matthias* did not, on the 1st *October*, 1803, or at any time in three months next ensuing or preceding, or any time since, pay the said 27 dollars 14 cents, or any part of it, to the plaintiff, whereby an action hath accrued, &c.

*Cochran*, the only defendant taken, pleaded, that the said *Matthias Ogden* had kept and performed all the covenants on his part to be performed, contained in the said condition, *without this*, that the said *Matthias* did not, on the first day of *October*, 1801, nor at any time between that day and the 1st *July*, 1800, nor hitherto account, &c.;—and without this, that the said *Matthias* did not, on the first day of *July*, 1803, nor within three months prior or subsequent, nor since account &c.;—and without

as he may do, the defendant [* 414] cannot plead a performance generally, but must particularly answer the breaches assigned, and show when, how, and where he perfom his covenants.

NEW-YORK,
Nov. 1807.

Postmaster
General
v.
Cochrae.

[* 415]

this, that on the first day of *October*, 1803, there had come to his hands 27 dollars 14 cents, &c., after deducting, &c., and that he did not, on the first day of *October*, 1803, nor within three monhts before or after, nor at any time since, pay the same, &c.

To this plea the plaintiff demurred specially. 1st. Because the plea traverses matter not traversable, in the manner, &c. Because the plea contains no matter of inducement to the matters traversed. [*]3. Because the plea traverses matter not alleged in the declaration. 4. Because the plea is general where it ought to be special; and is multifarious, argumentative, not issuable, nor does it answer the breaches assigned. The defendant joined in demurrer.

*Weston*, in support of the demurrer, contended, that the plea of performance generally was bad, for the defendant ought to show how he had performed. That as the plea of general performance went to the whole declaration, there was no necessity for traversing the particular breaches assigned. He cited *Bac. Ab. Pleas and Pleadings*, I. 3. *Cro. Eliz.* 253. 394. *Cowper*, 47. 575. 578.

*Foot & Skinner*, contra, insisted, that the plaintiff ought to have assigned but one breach in his declaration; but that the defendant might plead performance generally, and then traverse the particular breaches. The proper and usual way of pleading was for the plaintiff to declare for the penalty, and the defendant to crave *oyer* of the condition, and plead performance generally, to which the plaintiff may reply, and assign the breaches, and the defendant rejoin, traversing the breaches. Here the plaintiff has, in the first instance, assigned the several breaches in his declaration. [They cited 5 *Comyns' Dig. Pleader*, 396. 1 *Burrow*, 316. 2 *Term*, 439. 3 *Caines*, 162. 2 *Burrow*, 772.]

KENT, Ch. J. This was a suit on a bond for the

performauce of covenants, and the plaintiff elected to assign breaches, in the first instance, in his declaration.—— This he had a right to do, and it has even been recommended as the preferable mode. He assigned several breaches, and this also was lawful, and so it was held by this court in the case of *Munro* v. *Alaire.* (2 *Caines,* 328.) The plaintiff was sufficiently particular in the assignment of breaches. It is not presumed to have been within his knowledge or power to specify every particular sum received by the defendant, and from whom, and at what time; and if it could have been done, [*]it would have led to great and unnecessary prolixity. If the declaration be tested by the rules which have been applied to the replication, when that contains the special assignment, it will be found to be sufficiently minute and particular. (2 *Saund.* 411. *note* 4. and the authorities there cited.) The question, then, upon the record in this case, comes to this, whether the general plea of performance to a declaration containing a particular assignment of breaches, be good? This, I think, cannot be maintained. The defendant was bound to meet the allegation of specific breaches by something more than a general plea of performance. He ought to have shown when, how, and where he performed his covenant in those particulars, for the facts must lie with in his knowledge. Issue cannot be taken on a general plea of performance, and the plaintiff, if driven to reply, would have been obliged to repeat his declaration. When a particular breach is assigned, the defendant has an affirmative offered, upon which he may take issue. The usual course of pleading upon these bonds has been, for the plaintiff to declare in debt for the penalty, the defendant to crave *oyer,* and plead a general performance, the plaintiff to reply and set forth particular breaches, and the defendant to rejoin to those breaches, and take issue thereon. The plea of general performance was antici-

[* 416]

pated, and precluded, in the present case, by the assignment of breaches in the declaration, and the general course of pleadings abridged, so that the defendant was bound to meet the declaration as he would have been, in the other mode of pleading, to meet the replication. I am, accordingly, of opinion that the plaintiff is entitled to judgment on demurrer.(a)

SPENCER, J. and VAN NESS, J. concurred.

THOMPSON, J. not having heard the argument, gave no opinion.

Judgment for the plaintiff.

(a) When the condition of the assignment of a bond was that the plaintiff should "take the necessary legal steps to enforce payment," by the obligor, a general averment is insufficient He should set out specially what steps he took. Ridgway v. Forsyth 2, Hals. 93.