District of Columbia, on the —— of —— next." The defendants, after oyer, demurred generally to the declaration.

Mr. Randall, for defendants, contended that the bond was void, because not taken according to the directions of the statute of 11 Geo. II., c. 19, § 23, which, in case of replevin for distress taken for rent, requires the bond to be taken "from the plaintiff and two responsible persons as sureties." So, a bail bond, the condition of which is not conformable to the statute, is void. 5 Com. Dig. 646, 647.

Mr. Jones, contra. That might perhaps have been a ground for a motion to quash the replevin, but the defendants cannot now take advantage of it. The blank, in the condition as to the day of sitting of the court, is immaterial, as it states it to be "the said circuit court next to be held at the city of Washington," the time for the holding of which is made certain by law.

THE COURT took time, during the vacation, to consider the case, and, at the next term, rendered judgment upon the demurrer, for the plaintiffs; and the plaintiffs executed a writ of inquiry, and the jury assessed their damages to the full amount of the debts and costs for which the property had been taken in execution by the plaintiffs, who were constables.

## Case No. 17,946.

### WOOD v. FRANKLIN.

[3 Cranch, C. C. 115.][1]

Circuit Court, District of Columbia. May Term, 1827.

DEBT ON REPLEVIN BOND—SUFFICIENCY OF PLEAS.

In an action of debt upon a replevin bond, setting forth the condition and averring special breaches, the plea of general performance is a bad plea; so is the plea of non damnificatus; so is the plea that the plaintiff had no property in the goods replevied; so is the plea of nul tiel record if no record is averred in the declaration; and so is a plea to the whole declaration, which is an answer to a part only.

Debt on a replevin bond given in the suit of Arguelles v. Wood [Case No. 520]. The declaration set forth the condition of the bond, and averred (1) that Mrs. Arguelles did not prosecute her writ with effect; (2) that she did not establish a lawful right to the goods replevied: (3) nor return the goods, although a return was awarded by the court; and (4) that she did not pay the damages and costs adjudged by the court.

The defendant, at the last term, had leave to amend his pleading, and now offered to plead (1) general performance; (2) as to so much of the declaration as averred that the plaintiff had recovered a judgment against Mrs. Arguelles, no such record; (3) non damnificatus; (4) that the goods were the property of Mrs. Arguelles, without this, that the plaintiff had any property in the same.

R. S. Coxe, objected to the receiving of these pleas, under the leave to amend, because they would be all bad upon demurrer. The pleas of general performance and non damnificatus are bad after assignment of special breaches. The plea of no such record is bad, because no record was averred in the declaration. The plea that the plaintiff had no property in the goods replevied is bad, because no such property was averred in the declaration; and the plea is wholly impertinent and immaterial.

The defendant also pleaded that the court did not order a return; but this plea being pleaded to the whole declaration, when it is only an answer to one of the breaches assigned, is also bad.

And of this opinion was THE COURT, who rejected the pleas (nem. con.).

The authorities cited were Cutler v. Southern, 1 Wms. Saund. 116; 2 Chit. Pl. 528, note a; Postmaster General v. Cochran, 2 Johns. 413; Brackenbury v. Pell, 12 East, 588.

## Case No. 17,947.

### WOOD v. GOLD.

[4 McLean, 577.][1]

Circuit Court, D. Michigan. June Term, 1849.

FOREIGN ADMINISTRATOR—RIGHT TO SUE.

1. Letters of administration can only authorize the individual to administer on the estate of the deceased, within the state in which they were granted.

[Cited in Leonard v. Putnam, 51 N. H. 250.]

2. Suit cannot be brought in any other state, without the sanction of said state.

[This was a suit by Jethro Wood's administrator against Amos and Daniel Gold.]

Baker & Willard, for plaintiff.
Mr. Gould, for defendants.

McLEAN, Circuit Justice. A motion is made for a nonsuit, on the ground that suit is brought under letters of administration granted in the state of New York. Letters of administration do not authorize a suit to be brought by the administrator in any other state. Except by sanction of other states, they can only operate within the jurisdiction under which they were issued. The statute of Michigan requires letters to be taken out in this state, to exercise the duties of administrator here, or to bring suit.

WOOD (HOPKINS v.). See Case No. 6,693.

## Case No. 17,947a.

### WOOD v. The INFANTA.

[See Case No. 7,030.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. John McLean, Circuit Justice.]