## Shropshire *et al.* Appellants, *v.* Judge of Probate of Amite county, &c.

Where the note of an intestate is the foundation of a decree by the Judge of Probate, against the administrator, the validity of such note cannot be impeached in a subsequent suit between the same parties upon the administrator's bond.

Application to the Court to file a plea after the pleadings have been made up, is addressed to the sound discretion of the Court, and the exercise of such discretion is not a subject of appellate jurisdiction.

The plaintiff is not bound to notice a plea which is frivolous, or which is not an answer to the action.

APPEAL from the Amite circuit court.

This was an action of debt in the circuit court of Amite county, upon an administration bond, for the use of Charles McMicken. The breach assigned was the refusal of the defendants to pay the claim of the plaintiff, which amounted to $1,875 61, and which had been allowed him by the referees, to whom it was referred according to the statute, by the probate court of Amite county.

The defendants, in answer to the action, pleaded, 1st, general performance; 2d, fraud; and, 3d, *non est factum.* Issue was taken on the second plea; the plaintiff demurred to the third;— but the record was silent as to the disposition made of the first. Upon the second trial of the cause, the defendants demanded of the Court a judgment, for the want of an answer or replication to the plea of covenants performed, which was refused. The demurrer to the plea of *non est factum* was sustained by the Court. At April term, 1832, the case was submitted to a jury, who returned a verdict for the defendants. A new trial was granted, and at a subsequent term there was a verdict and judgment for plaintiff.

The principal errors alleged in the proceedings of the court below were the refusal of the court to give judgment in favor of the defendants, on the plea of "covenants performed," which plea was not answered or replied to by the plaintiff; and the rejection

[Shropshire *et al.* Appellants, *v.* Judge of Probate of Amite county, &c.]

of certain testimony offered by the defendants to destroy the validity of the note which had been the foundation of the decree by the court of probate against the defendants.

It was also assigned for error, that, after the pleadings were regularly made up, the Court refused to admit the defendant to file the plea of *nul tiel record.*

Henderson for the appellee.

1st assignment of error. We insist the court below were right in granting the new trial to the plaintiff below from the first verdict.

1. Because the evidence was decidedly with the plaintiff even on the *fictitious* issue which was made respecting the promissory note, &c.

2. Because what evidence there was for the defendant, (except the witness, Hunt,) was inadmissible, viz : Collins's testimony should not have been admitted, because Collins was security in defendant's 1st administrator's bond, and his testimony to relieve the defendant from liability to plaintiff would be to diminish his responsibility as his security.

3. Atkinson's testimony should be rejected, because he was a creditor to the same fund, out of which the plaintiffs claim a dividend. And by excluding the plaintiff's claim, this fund is augmented, and Atkinson's claim is proportionably increased, when the estate as in this case was insolvent.

4. The testimony offered respecting the non-execution of the promissory note was *impertinent* to the issues joined, (viz : plea payment, and plea fraud.) The plea of fraud being that the report of the referees and the award of the orphan's court were obtained by fraud. See on this point, 2 Hall's R. 433, cited 30 No. Am. Jur. 476.

5. The court below erred in admitting the defendant's testimony to the jury.

6. Verdict was contrary to the 1st charge of the court below, which charge was good law.

2d assignment of error. If this assignment means any thing, it is, that because no *express continuance* appears of record. The suit was, therefore, discontinued. But such·a discontinuance is

expressly cured by our statute of Jeofails. Rev. C. p. 124, S. 91. Also by statute, Rev. C. p. 102, S. 5.

3d assignment of error. The court below were assuredly right in sustaining the plaintiff's demurrer to defendant's 3d plea of *non est factum,* &c. for the reasons in said demurrer assigned, and particularly on the ground that the judgment which the plea proposed to investigate, was a judgment of a court of competent jurisdiction directly on the matter, and was final and conclusive. Read 3, J. R. p. 167, and 1st Pick. R. 438, and see 12 J. R. 311, 10 do. 143; 9 do. 38, 43; 14 do. 96, 232, 244. 1 J. C. R. 322. 12 Mass. 134. 1st Stark. Ev. 240, 1, 2.

4th assignment of error. Court below did not err in refusing leave to defendant to file plea of *nul tiel record.*

1. Because plaintiff below had declared upon no record to which plea could be made, hence such plea would have been absurd and might have been regarded by plaintiff as a nullity.

2. Because this application was to amend, or file a new plea; a power wholly in the discretion of the court, and therefore furnishes no cause for assignment of error. See Rev. C. p. 126. sec. 99.

3. If the records referred to in plaintiff's declaration, (though the count is on defendant's bond only,) are the records to which the plea was designed to extend,—though sufficient to say that the records so referred to, and not the *gravamen* of plaintiff's action, could not be pleaded to; yet were it otherwise, as two or more records are so referred to, the general plea so said to have been tendered is vague, uncertain, and unmeaning.

4. No plea of *nul tiel record* appears in this record before the court, but simply the allegation or report of the clerk, in making up the record, in which it is said that the defendants "tendered" such a plea, which was rejected by the court. If such a rejection could be assigned as error at all, to do so, the decision of the court, on which the error was charged, should have been made the subject of a bill of exceptions. Rev. C. p. 137. sec. 145.

5. The court below were right, also, in refusing this plea, because the discretion of the court in this behalf is expressly given for the purpose of bringing the merits of the case "fairly" to trial; and the application, when the trial was pending, had no such object. Rev. C. p. 126. sec. 99.

[Shropshire *et al.* Appellants, *v.* Judge of Probate of Amite county.]

5th assignment of error. The court below did not err, in refusing a judgment to defendants below, as asked for on plea of covenants performed.

1. Because the thing exhibited as the plea is no plea. It is not signed by counsel, and professes to be a plea of one defendant, but does not show which one of the four defendants in the case would have been entitled to its benefit, had judgment been awarded.

2. Because the plea, according to the bill of exceptions, was not filed, or presented to plaintiffs with rule to reply, but was picked out of the papers after the case was at issue before the jury.

3. Because the defendants, having submitted to the issues before the jury and gone into the trial without relying on this plea, must be legally considered as having abandoned it.

4. The issue of payment being joined before the jury, the plea of covenants performed became an immaterial issue. 6 Peters' Rep. 170.

5. It was abandoned by the defendants below, because they had joined issue to two other pleas, designated second and third pleas, (and there were but three pleas in,) besides the plea of payment admitted by defendant's exception to have been in, which of course must have been the first plea, and hence this plea is necessarily excluded.

6. The court below had no authority to pronounce any peremptory judgment on this plea, brought out after the plaintiffs had closed their case to the jury; though before the case was put to the jury, they might have *non-pros'd* the plaintiffs for refusing to join issue with a good plea tendered in time. And because too it is a general plea of covenants performed to a declaration which had suggested special breaches, to which such plea is no answer. 8 J. R. 113 to 116.

6th assignment of error. Of the effect of the plea of payment, (where there was no general issue interposed,) admitting the plaintiff's case as averred without proof, the court below were so obviously right, that the correctness of their decision is incapable of illustration. 5 Pet. Rep. 148—9. 7 Wend. 194. 4 Call. R. 221.

On the 6th assignment it is to be observed, that this record does

not contain or set forth the plea of payment.    But by referring to
the defendant's bill of exception, p. 29 of the record, it is there set
forth by the defendant in his bill of exceptions, that he had plead
the plea of payment, and excepts to the opinion of the court pro-
nounced, as to the effect of such a plea in the issue before the jury.
The defendant therefore is *estopped* from denying that such a plea
was in.

But if he was permitted so to do, it would not help his cause,
and he could not convict the court below of error in the opinion
they expressed, and to which defendant excepted.    Because in
such case the opinion is but an abstract legal proposition, and
right in law, though inapplicable to the case.    And as the bill of
exceptions does not show whether or not, the plaintiff below did
prove his case before the jury, but complains only of this opinion
of the court, if there was nothing to which this opinion could ap-
ply, it could not now be assigned as error.    5 Pet. Rep. 135.

7th error assigned.    The court did not err in overruling and
rejecting the testimony of Atkinson, Collins and Kernan, by
whom defendant proposed to prove on the 2nd trial, that the note
on which the award of the referees, and the judgment of the pro-
bate court is said to have been founded, was not in fact the note
of Austin Spears, but a forgery.

Because there was no issue before the jury to which such testi-
mony was pertinent.

The only pleas at issue before the jury were, 1st, payment; 2d,
the plea charging fraud in plaintiffs, in procuring the award of the
referees; and fraud in procuring the judgment of the probate court.
To prove the note on which the judgment and award was founded,
would not prove the fraud averred by the plea in procuring the
award, &c.

On this point see the note of the case on the opposite page,
which is precisely in point.

2. This testimony was rightly ruled out, also for all the reasons
and upon all the authorities referred to in 3rd assignment, where
the court sustained plaintiff's demurrer to defendant's plea of *non
est factum.*

3. Because these defendants had no right or interest, in the de-
fence which this kind of testimony proposed.

[Shropshire *et al.* Appellants, *v.* Judge of Probate of Amite county.]

Wherefore the judgment of the court below should be affirmed with 10 per cent. damages.

Mason and Estell, *contra.*

1. The record is so imperfect that it seems proper that a *certiorari* be awarded, requiring the production of a more perfect record.

2. It is supposed to be a rule in pleading, that a demurrer in any part of the proceedings by either party, enables the court to look into the whole record, and to correct the first error that appears in it, at the expense of the party committing it. If so, it does not sufficiently appear in plaintiff's declaration, 6th page, how his claim was referred to referees. According to the provisions of the statute, it ought to have been laid before commissioners, and if by them rejected, the plaintiff might have required referees to pass upon it. This no doubt was the course pursued, but it is not *so alleged, and it being the foundation of the subsequent* apportionment, by which the plaintiff says he was entitled to $1,400 and upwards, and the non-payment of which is the alleged breach of the condition of the administrator's bond, it ought to have been alleged and shown, that such apportionment was made pursuant to the statute.

3. Supposing the court to have properly set aside the verdict and granted the plaintiff a new trial, yet before such new trial was had, the pleadings ought to have been corrected, and issues properly made between the parties. The first plea is "covenants performed," which is *substantially good, for though this is in form an* action of debt on bond with collateral conditions, yet in effect it is an action of covenant, and breaches have been assigned in the same manner as if covenant (which might have been maintained,) had been the action. The plea is a perfect denial of the gist of the action, which is the breach assigned, in not paying the plaintiff the sum to which, by the apportionment, he was entitled. We have not had time or means to look into books, but suppose this doctrine will be found supported by authorities. A defendant has always the right in pleading to deny the plaintiff's right of recovery. How this could have been better done than by denying that she had broken or violated the condition of her bond, is not per-

ceived.   Had the administratrix plead that she had fully kept and performed the condition of her bond, which consisted of a set of covenants, we suppose the plea would not have been objected to. This is substantially done, in other words, by pleading that she has performed the covenants contained in the condition of it.   But whether the plea be good or bad, it is found in the record as a defence relied on, and some disposition ought to have been made of it.   None has been made, and the trial and judgment appealed from was had without disposing of that ground of defence.   We suppose that it is in allusion to the English practice, "that if plaintiff refuses or neglects to demur or reply to a plea that defendant may have judgment," that the 5th error is assigned.   It cannot be true, that the culpable negligence of the plaintiff, in not making an issue of law or fact upon that plea, and for which, according to the English practice, the defendant was entitled to judgment, can be construed into an abandonment of defendant's defence set up by that plea, though a trial was had upon other issues.

4.  The instruction to the jury, "that the plea of payment superseded the necessity of producing the proofs of plaintiff's debt," was erroneous.   If the plea of payment had been the only one on which issue was joined, the instruction might have been proper; but our statute allowing a defendant to plead as many several matters of law or fact as he may think proper, allows contradictory pleas, and the instruction would tend to repeal the statute, by making such plea set aside all other pleas in the case, in contradiction to it.   Every plea that denies plaintiff's right to recover, upon which issue is joined, requires proof from him in support of his action, *aliunde,* than the admissions of other pleas.   Take the action of slander as an illustration; defendant pleads not guilty, also justification; the latter admits the speaking of the slanderous words, and justifies the uttering of them, the first denies the speaking the words.   It would not be contended that the plea justifying the uttering the words would relieve the plaintiff from proof of so uttering them required by the denial contained in the plea of not guilty.   There were several issues submitted to the jury, in all of which the plaintiff was bound to make out his case in proof.   The issue made on the plea of fraud was for trial, and is supposed to be contradictory to the plea of payment, and the issue that was

tendered by the plea of covenants performed, was also in contradiction of it.   Besides, there is no such plea in the record, which clearly shows that we have not a complete record.   Saying that a plea was pleaded, does not make such plea a part of the record.

5. In pages 9 and 10 of the record the first pleas and demurrer are to be found.   The question does not arise on the goodness of the second plea which is demurred to, though some of the causes are not sustainable.   The plea is not double; it tendered issue upon a single point, that is, fraud in obtaining the apportionment, though the plea may be defective in not showing in what the fraud consisted.   But the questions that arise, are these: Has the demurrer been disposed of; and is it proper that the plaintiff should have demurred and replied to the same plea?   The pleadings stood thus on the second trial, for at page 27 of the record we are told that the demurrer to the third plea was sustained.   The third plea is "that the promissory note, &c. is not the act of defendant's intestate," &c. to which there is a demurrer properly no doubt sustained, and it is vain to say that this third plea is the second plea, and that payment is the first.   The case in Randolph shows that this cannot be so regarded.   It is not allowable thus to deny the truth of a record which is verity.   Diminution may be suggested, but no alteration or amendment can be permitted, or mistake suggested.   The second plea therefore stood demurred and replied to at the second trial, and no disposition made of the demurrer.   It may be said that the second trial or judgment is not appealed from, but only the judgment granting it.   This perhaps, in strictness, is true, but when the court see such glaring errors in a judgment and record, will they affirm it?   On an appeal to the court in the last resort, is not the appeal from the whole proceedings, and will not the court look into the whole record and correct all errors appearing therein?   This is the course in other states of the Union and is supposed to be the practice here.

6. The amount of the last judgment is erroneous.   It is found in page 28 of the record.   It is for the penalty of the bond to be discharged by the payment of $1,856 26 besides costs.   The administratrix was only bound to pay the plaintiff $1,400 and odd, the sum due him on the apportionment, with interest thereon, and

the whole amount of his note is adjudged him.   Besides, the action of debt is resorted to, which does not sound in damages, and damages are found by the jury and adjudged to the plaintiff.

It is said the administrators have no interest in this matter.   It is not perceived how such an assertion can be made.   They are the legal owners of the estate; must be parties to all suits concerning it; are trustees for creditors and distributees.   In a word, stand completely in the shoes of the intestate, and it becomes their duty, more imperative, than that imposed by pecuniary interest, to take care of the estate and resist all demands against it.

7. It is questionable whether the plea of *nul tiel record*, ought not to have been allowed to be pleaded.   The proceeding under the statute is anomalous; hence the strict rules of proceeding at law are, perhaps, not applicable to it.   Strict justice to the parties seems to have been the object of the Legislature, without prescribing the forms of pleading by which to attain it.   Now the judgment of the probate court apportioning the assets among creditors, makes the debt of each the personal debt of the administrators.   The judgment of the probate court is the foundation of plaintiff's demand, and is so alledged in his declaration, for the breach is, that she did not pay him the sum adjudged upon apportionment.   It is contended, perhaps properly, that that judgment is conclusive and cannot be re-examined in this action.   If the defendants are precluded by the judgment from saying that the debt claimed is not due, it would seem that the only defence left the defendants upon this point was a denial of its existence. The plaintiff could have brought suit directly upon the judgment of the probate court, which made the sum to which he was entitled under the apportionment the personal debt of the administratrix, because it was ascertained that she had assets to pay it. Had that been the action, it cannot be doubted but that *nul tiel record* would have been a proper plea.   And can the rights of parties depend upon the forms of proceeding, in a matter too, where the legislature would seem to have disregarded form in prescribing a very summary method of settling a decedent's estate, and thereby saving much litigation?   We are not, it is true, now acting under the statute as the probate court was in making the apportionment, but this is an action to enforce that proceeding

in which the strict rules of pleading are, perhaps, not applicable, particularly where they would produce injustice to either party.

We have thus submitted a few hasty and crude remarks upon this case, not following the course prescribed in the assignment of errors, and perhaps in some measure departing from them and adding others. We are not aware that in having done so we violate any rule of practice. It is humbly submitted, whether it is not proper for these and other errors apparent in the record, that the judgment below be reversed, and the cause sent back for a new trial to be had therein.

Mr. Justice TROTTER delivered the opinion of the court.

The first assignment of error is the judgment of the court setting aside the verdict and granting a new trial. The bill of exceptions taken at the time, embodies the whole of the evidence upon which the verdict was rendered. From this it appears that the plaintiff, in support of his action, introduced the records of the county and Probate court of Amite county, showing the report of the referees allowing the plaintiff's claim, and the decree of that court requiring the defendants to pay it. In answer to this proof, the defendants introduced several witnesses to impeach the note which was the foundation of the claim sued on, some of whom testified that they did not believe the same was made by the defendant intestate. The record states the evidence for and against the validity of the note which was before the referees, by which we are informed that the same question was fully examined by them, and that they made their decision in full view of all the proof which was carried before the jury. This evidence was wholly inadmissible on the trial in the circuit court. The note was not the foundation of the action. As an evidence of a debt due to the plaintiff, it had been merged in the decree of the county and probate court. This decree was a higher evidence, and constituted a debt of record. The allowance made by the referees concluded any farther examination into its validity. It became *res adjudicata,* and therefore conclusive evidence in an original suit. The decision of the referees alone would have entitled it to the sanction of this principle. For a matter is not the less *res adjudicata* because it is not of record. It has been held that the

allowance of a claim by the commissioners of bankrupts is conclusive evidence, Brown *v.* Bullen, Douglas 407. And in Moody and Thruston, Strange 481, where under an act for stating the debts of the army, the commissioners had power to call the officers and agents before them, and in case they found money due from one to the other to give a certificate, &c. The plaintiff produced his certificate, but the defendant tendered his accounts offering to show no money was due, and complained of the conduct of the commissioners, who he said had refused to hear him. But the court were unanimous in the opinion that the certificate was conclusive. The effect of the decision of the referees in this case is, however, greatly increased, by its approval in the orphan's court, and the decree then rendered requiring the defendants to pay the claim. It is then the judgment of a court of competent jurisdiction, and as such is binding and conclusive between the same parties. Starkie's Evi. 208. We are, therefore, clearly of opinion that the new trial was very properly granted. If the court be correct in these views, they are a complete answer to the second assignment of error, which is founded on the judgment of the court below sustaining the demurrer to the plea of *non est factum.* The note was not the foundation of the suit, and the plea therefore tendered an immaterial issue.

It is urged as another ground of error, that the court below refused the defendants permission to file the plea of *nul tiel record.* This application was made after the pleadings had been regularly made up, and was therefore addressed to the sound discretion of the court. In the exercise of that discretion, the conduct of the judge is not subject to review in an appellate tribunal. This was in the nature of an application to amend the pleadings, and the judge had a discretion to refuse or allow it; but the allowance or disallowance of amendments is not ground for error, 3 Com. Dig. 566. 11 Wheat. 280.

It is also assigned as error that the judge refused the motion of the defendants for judgment on the plea of covenants performed, to which the plaintiff had not replied, and which he had not otherwise answered. It is undoubtedly error in the court to render judgment for the plaintiff when there is a plea unanswered. This must, however, be understood of a plea which is a valid

answer to the cause of action disclosed in the declaration.   For if the plea be merely frivolous, and such as the court would on motion strike from the record, the defendants shall not have any benefit from it.   This plea was evidently bad, because the plaintiff could not take issue upon it, and if the court had forced him to reply to it, he would have been compelled to repeat his declaration.   This point was expressly ruled by the court in the case of the Post-master General *v.* Cochran, 2 John. Rep. 416.

In that case it is decided that where an action of debt is brought upon a bond with a condition, and the plaintiff assigns breaches in his declaration, the defendant is bound to meet them by something more than a plea of general performance.   He must show how, when, and where he performed his covenants.   The same doctrine is laid down by the supreme court of the United States in the case of Simonton *v.* Bowman, 5th Peters' Rep. 148.   To a plea so clearly defective, it was not necessary for the plaintiff to demur.   It was not bad because informally pleaded, but because it was incapable of an answer.

The remaining assignments of error are answered by the remarks which have been submitted in noticing the question raised by the exceptions to the judgment of the court below granting a new trial.   The witnesses, whose evidence was offered on the second trial and rejected by the court, were sought to be introduced, for the purpose solely, of impeaching the promissory note which had been already allowed as a valid claim against the defendants by the referees and the decree of the county and probate court.   The court was therefore bound to exclude them.   The second bill of exceptions taken by the defendants on the trial below, takes an objection to the instruction of the judge to the jury upon the effect of the plea of payment on the proof necessary to support the plaintiff's cause of action, which cannot be noticed by this court, because no plea of payment is shown upon the record. The opinion of the judge was therefore gratuitous, and whether right or not, is not a question properly before us.

The judgment must be affirmed with damages.