Johnson, C. J. The defendant, Ashley, insists in his argument that, although his pleas may be wholly insufficient for a good declaration, yet, as the one filed in this case is manifestly bad, they constitute a full and complete answer to it. It has been repeatedly ruled by this court, that a party pleading over after a demurrer to the declaration has been overruled, abandons the matters of defence contained in his demurrer, and cannot afterwards rely upon them to question the sufficiency of the declaration. But it is urged that the declaration in this case utterly fails to disclose any cause of action, and that therefore it does not fall within the general rule. We are free to admit that the proposition, though general in its terms, is not designed to be carried to the extent to include declarations which are mere nullities, as containing no cause of action whatever. This brings us to the first point legitimately raised in the case, and that is, not whether the declaration contains a cause of action that is defectively stated, but whether it exhibits any cause whatever. The plaintiff assigns special breaches, and points out the instances,, and names the causes in which he had sustained injury by the acts of Boyster. The ground assumed by Ashley, one of the defendants, is, that the bond executed by Boyster to Martin is merely a bond of indemnity, and that, in order to entitle him to a recovery against Boyster or his securities, he is bound to show that he has sustained actual damage. The condition of the bond is that Royster, the deputy, will well and truly do and perform all the duties appertaining to the office of sheriff of Pulaski county, during the time he should continue the lawful deputy of Martin. In looking through the cases cited at the bar, we have not been able to find any one where the condition was precisely the same as that contained in the instrument, upon which this suit is founded. In the case of Hughes against Smith and Miller, reported hi 5th John. R. at page 167, the bond was conditioned that the under sheriff should execute the office during his continuance therein, according to law, and without fraud or oppression, so that the sheriff should not be made liable for the payment of any damages or money in consequence of any act or thing, which the under sheriff should do by virtue of the office. In that case the court held that a breach in general terms avowing that Smith had collected moneys, as under sheriff, to the amount of 1000 dollars, which he had refused to account for and pay, was sufficient, and that it was admitted in order to avoid a cumbersome prolixity upon the record. The same rule was acknowledged and applied by that court in the case of the Post Master General v. Lackran, 2 John. Rep. 413, and a reference was then made to the English authorities, of which Thurm v. Farrington and Barton v. Webb, (1 Bos. & Pul. 646-8. Term Rep. 493), are the latest and most pointed on the subject. The language used in the instrument now under discussion, though not so specific, yet, in its legal import, it clearly covers as much ground, as that in the case referred to. Roys-ter covenants to do and perform all the duties appertaining to the office of sheriff. It will certainly be conceded that no one of the duties of the sheriff is more plain and positive, than that which requires him to pay over money to the party entitled to it, when collected under an execution. There can be no doubt but that, if the facts charged in the declaration are true, and that they are stands admitted by the demurrer, tire condition is broken, and the plaintiff’s cause of action is complete. Having thus adjudged the declaration to contain a good cause of action, we now come to consider the sufficiency of the pleas interposed by Ashley. The second and third are no answer to the declaration, and are consequently bad. The plaintiff in conformity to the Statute (R. S. chap. 112, sec. 3) assigned his breaches specifically, and a plea, to amount to an answer to such assignments, must directly respond to them. These two pleas do not pretend to respond to the breaches assigned, but amount to nothing more than the general pleas of non damnificatus and of conditions performed. The first plea sets up that, after the execution of the bond and before the commission of any act amounting to a breach by Royster, he and Martin, without the consent of Ashley, entered into an unlawful and corrupt agreement, by which Martin sold and transferred the entire office to Royster, and concludes by averring that from that time he ceased to be the lawful deputy of Martin. This is an attempt to destroy the legal efficacy of’an instrument confessedly good and binding in law upon the parties, by one subsequently made and which is expressly alleged to be founded upon an illegal and corrupt consideration. The case of Lewis v. Knox, reported in 2 Bibb, p. 453, was an action upon a bond given by a deputy sheriff and his securities, to the principal, conditioned that the deputy would faithfully perform the duties of the office, so as to keep his principal indemnified, and to pay to his principal the sum of seventy-five dollars, at the expiration of a year, and the like sum at the expiration of the principal’s term of office. Upon the plea of “conditions performed,” the plaintiff had a verdict and judgment in his favor, to which the writ of- error was prosecuted. In that case the court, in passing upon the validity of the bond, say that “so far as the condition of the bond is to perform the duties of the office of sheriff, and keep the principal indemnified, there is clearly nothing in it illegal - for as the sheriff may lawfully appoint a deputy, it would be unreasonable not to permit him to take security for his indemnity against any violation of the duties of the office by the deputy. The objection to the validity of the bond must depend, therefore, upon the illegality of the condition so far as it is for the payment of seventy-five dollars, at the expiration of a year, and a like sum at the expiration of the sheriff’s term of office. There can be no doubt that a bond or other agreement for a gross sum of money — as a consideration for the sale or deputation of any office which concerns the administration of justice, is illegal and void. But to take advantage of an objection of this sort, the consideration must appear upon the face of the condition of the bond, or be averred in the pleading. In this case, the consideration is not expressed in the bond or condition, nor is it apparent from any pleadings in the cause. For aught that appears to the court, the money may be due for a valid consideration, and we cannot presume a fact out of the record for the purpose of avoiding the bond.” It is not contended here that the bond recites any unlawful consideration, nol-is it averred in the plea tliat the amount, specified in the subsequent contract, constituted any part of the consideration of that instrument. But it is contended that the last contract, being illegal and Void as against the policy of the law, and amounting to an entire sale and transfer of the office of sheriff, that therefore, from the date of that contract, Royster ceased to be the lawful deputy of Martin, and as such could not be liable for any breach of the conditions of his bond. Whether the contract, that is relied upon, as amounting to a sale of the office, really is such or not in point of law, we do not deem it necessary to determine. If it was not a sale, then it is clear, that it Could not affect the legal operation of the bond, as no reference is made to it, nor is there any thing inconsistent with it. But if, on the other hand, it should be construed into a sale, then for reasons equally cogent, would it not be affected by it, as it would be, to all intents and purposes, a mere nullity, and utterly incapable of being enforced in a court of justice. If then, the contract set up in the first plea constitute a sale of the office, it is clearly and absolutely void, and both parties standing in pari delicto, so long as it remains isolated and unconnected with any other lawful contract, it cannot in any manner affect or impair its force and obligation. The law in such a case will not lend its aid to either party — but will leave them precisely where it finds them. But it is contended by the defendant that the agreement for tire sale of the office, being a contract executed, although illegal and void in law, yet it is binding upon the immediate parties to it. If Royster has paid the consideration, the contract is executed, and he being a party to the fraud, the law would not aid him in an attempt to recover back the money so paid; neither would it assist Martin, should he attempt to enforce the performance of that contract, in case tbe consideration has not been paid. To this extent it is unquestionably binding upon the parties, but as touching any other legal contract, even between the identical parties, it is utterly inoperative and void. We think it clear, therefore, that this plea is wholly insufficient, as it is no answer to the declaration. If these views of the principles involved be correct, and that they are, we think, cannot admit of a doubt, all the pleas interposed by the defendant, Ashley, are bad, and as a necessary consequence, the Circuit Court erred in overruling the demurrer to the pleas. Judgment Reversed.