PERKINS *against* ROGERS and another.

*A* leased his farm to *B*, by indenture, for one year, *B* covenanting to pay a rent of 300 dollars, of which 225 dollars was to be paid in money, and 75 dollars in betterments on the farm, such as *A* should direct. In an action brought by *A* against *B* on the covenants in this instrument, *A*, after setting out the terms of such covenants, alleged a breach of them by *B*, without averring that *A* gave any directions as to the betterments to be made. *B* pleaded performance in bar of the action, averring specially a performance of each of the covenants as set out in the declaration. Upon this plea in bar *A* took issue, and went to trial thereon, claiming to recover only for the alleged breach in not making betterments on the farm. Assuming the *onus probandi* of the issue upon himself, he opened, by offering testimony to show, that *B* had made no betterments, and then rested, without attempting to prove, that he (*A*) had given *B* any direction to make them. The court ruled out the testimony so offered by *A*, and instructed the jury to return a verdict for *B*; which being done, it was held, by this court, that there had been a mistrial of the cause, and a new trial was granted on that ground. Under the issue joined, in such case, the only question was, whether the facts averred by *B*, in his plea, were true; and the burden of proof rested upon him.

THIS was an action of covenant broken. The declaration was substantially as follows: That on the 3rd day of *March*, 1843, at *Salem*, by a certain indenture then and there made between the plaintiff, on the one part, and the

defendants, on the other part, the plaintiff did demise, lease and to farm let unto *Henry C. Rogers*, [one of the defendants,] his the plaintiff's farm in said *Salem*, called the *Woodbridge* farm, for the term of one year from the first day of *April*, 1843, for the rent of 300 dollars, to be paid on or before the expiration of said year—225 dollars in cash, and the remaining 75 dollars in betterments and improvement on said farm, such as said *Perkins* [the plaintiff] should direct ; and the defendants covenanted and agreed with said *Perkins,* in and by said indenture, that said *H. C. Rogers* should well and truly pay said rent, in manner and form aforesaid ; should use and occupy said farm, in a good and husbandlike manner ; commit no waste thereon ; and should well and truly fulfill and perform said covenants, in all things on his part to be done and performed ; by virtue of which demise, said *H. C. Rogers*, who had entered into and upon the demised premises and was possessed thereof, remained in the premises, and continued so possessed of the same, during said term ; and although the plaintiff has kept and performed all the covenants contained in said indenture, the defendants have not kept and performed any of the covenants in said indenture, on their part to be kept and performed, and have not paid said rent so accruing under and by virtue of said lease, but the whole of said rent is still in arrear and due and unpaid ; and said *H. C. Rogers* did not use and occupy said farm in a good and workmanlike manner, without committing waste, and did not make the betterments and improvements stipulated in said lease, according to the meaning and intent of the same ; and so the defendants have not kept their said covenants, though often requested so to do, but have broken the same, &c.

The defendants pleaded, that they had fully kept and performed the covenants contained in said lease by them to be kept and performed, averring, that long before the commencement of this action, *viz.*, on the 29th day of *May*, 1844, said *H. C. Rogers* had fully paid and satisfied to the plaintiff, in cash, said sum of 225 dollars ; and the plaintiff, on said day, made and delivered to said *H. C. Rogers*, his, the plaintiff's receipt in full therefor. And the defendants further averred, that during the year for which said farm was leased, said *H. C. Rogers* was residing thereon, and was, at

all times, ready and willing, and offered, to pay to the plain- <span style="float:right">*New-London,*<br>July, 1849.</span>
tiff said other sum of 75 dollars in betterments and improve- 
ments upon said farm, such as the plaintiff should, according <span style="float:right">Perkins<br>*v.*<br>Rogers.</span>
to the provisions of said lease, direct ; which directions said 
*H. C. Rogers,* from time to time during said year, requested 
the plaintiff to give ; that said *H. C. Rogers* made all such 
betterments and improvements upon said farm as the plain-
tiff directed, which were of great value, *viz.,* of the value of 
75 dollars ; and that he used and occupied said farm in a 
good and husbandlike manner, without committing waste.

The plaintiff's replication traversed the defendants' plea ; 
on which issue was joined.

The cause was tried, on this issue, at *Norwich, March* 
term, 1849.

The plaintiff disclaimed any right to recover in this action, 
except for the breach of the covenant to pay, within the 
year for which the lease was given, the amount of 75 dollars, 
in such betterments as the plaintiff should require.   As to 
this, the plaintiff offered the testimony of *John Fitch* and *L. 
H. Goddard,* that they resided in the vicinity of said farm, 
during the year in question, and should probably have known 
the fact, if any material betterments had been made upon it ; 
and that they knew of no betterments so made.   It was 
admitted, that, during this year, the plaintiff resided in the 
town of *Lyme,* at the distance of several miles from the 
farm ;  and no evidence was offered by him of any direction 
given by him to the defendants, or either of them, to make 
any betterments, or of any notice to them, or either of them, 
from the plaintiff, of what he required to be done on the farm.

The plaintiff having given notice in court, that he should 
offer no further testimony in support of his action, the de-
fendants' counsel thereupon objected to the admission and 
consideration of the evidence so offered, as immaterial, irrel-
evant, and, if received, as being alone insufficient to sustain 
a verdict for the plaintiff, on this declaration.   Of that opinion 
was the court ; and thereupon the jury were directed, that 
their verdict should be for the defendants.   The jury returned 
a verdict in their favour accordingly ;  and the plaintiff moved 
for a new trial for a misdirection.

*McCurdy* and *Wait,* in support of the motion, contended,

1. That the defendants having pleaded performance, it was necessary for the plaintiff, in order to sustain the action, only to prove, that no betterments had been made, by the defendants, during the year.

2. That if the declaration was defective, in not containing an averment, that the plaintiff had pointed out the betterments to be made and directed the defendants to make them, such defect was cured by the plea. *United States* v. *Morris,* 10 *Wheat.* 246.    3 *U. S. Dig.* 164, 5.    1 *Sw. Dig.* 602.

3. That the issue being whether the defendants had made betterments on the farm or not, the testimony of *Fitch* and *Goddard* was relevant and *material*, and should have been received to support the claim of the plaintiff that no betterments had been made. *Bartlett* v. *Evarts,* 8 *Conn. R.* 523.

*Strong* and *Hill*, contra, contended, 1. That the defendants having hired the plaintiff's farm for one year, at the rent of 300 dollars, of which 225 dollars was to be paid in money, and 75 dollars in such betterments as the plaintiff should direct; and having paid the money part of the rent; he was under no obligation to do any thing further, except as the plaintiff should direct what was to be done. This, in the first place, was a *condition precedent*, and must have been stated in the declaration, and proved on the trial, to subject the defendants. 2 *Stark. Ev.* 89–91. *Potter* v. *Shepherd*, 6 *Term R.* 665. 668. & seq. 1 *Chitt. Plead.* 311. 319. 322. Secondly, if the defendants had made betterments on the farm, without any direction from the plaintiff, this would not have satisfied their obligation. The betterments, to be available, must have been made *by the plaintiff's direction.*

2. That under the plea of the defendants and the issue joined, it was incumbent upon the plaintiff to show what betterments he had required, and this would have rendered it necessary for the defendants to show performance of what was so required.

3. That the testimony offered by the plaintiff, was properly rejected. If admitted, it could not have affected the result.

CHURCH, Ch. J. This is an action of covenant broken. The plaintiff in his declaration sets out the terms of the covenants on the defendants' part, and then proceeds to allege

*New-London,*
July, 1849.

Perkins
*v.*
Rogers.

a breach of them ; but without averring the performance of a condition precedent, by himself, connected with the defendants' covenant to pay seventy-five dollars of the rent in betterments and improvements on the farm, such as said *Perkins,* the plaintiff, should direct. The plaintiff, in fact, did not complain of any other breach of covenant than this.

The defendants pleaded performance in bar of the action, and averred specially a performance on their part, of each of the covenants of the lease, as alleged or described in the declaration. Upon this plea in bar the plaintiff took issue, and denied the performance as pleaded, and put himself on the country. The plaintiff, on the trial, disclaimed any right to recover, except the seventy-five dollars which was agreed to be paid in betterments and improvements.

On the trial, it seems, that the plaintiff opened, by introducing some evidence tending to show that the defendants had made no betterments at all, and then rested, without attempting to prove, that any direction had been given or request made by him that the defendants should make them. The defendants thereupon objected, that the evidence thus introduced was not sufficient, and would not, without proof of such direction or request, warrant a verdict against them ; and so the court decided, and directed a verdict for the defendants.

The mistake in these proceedings, seems to have arisen from the fact, that the plaintiff undertook, without objection, to go into proof of his declaration, as if the general issue had been pleaded. This was wrong. The defendants, having pleaded performance specially in bar of the action, as their only plea, assumed, upon the record, the burden of proof. Under the issue thus joined, the question was, not whether the plaintiff had disclosed in his declaration a good cause of action, or was bound to prove one ; but it was, whether the facts averred by the defendants, in their plea, were true. These, and nothing else, had been affirmed and denied, by the issue.

The defendants, by not demurring to that part of the declaration to which they excepted, had, in that stage of the cause, waived objections to it, and, by a plea of performance in bar, had confessed the facts alleged in the declaration. Instead, therefore, of objecting that the plaintiff had not

*New-London,*
*July, 1849.*

Perkins
*v.*
Rogers.

proved enough, it was the duty of the defendants to have assumed the *onus probandi,* and have proved their own plea.

The propriety of this course of proceeding was sanctioned, by this court, in the case of *Scott* v. *Hull,* 8 *Conn. R.* 207., and in conformity with the well known rules of pleading, in which it was said, "In covenant there is no general issue; and the defendant, by his plea of performance, assumed the burden of proof, and equally as on a plea of full payment, his was the right of opening and closing the argument." 2 *Greenl. Ev.* 247.

Under a rule of practice adopted by the judges in *England,* if the object of the suit is, to recover unliquidated damages, so that it becomes necessary for the plaintiff to go into proof of them, he is permitted to begin; but we have not yet adopted any such rule, and to do so in this case, would in effect overrule the point decided in the case of *Scott* v. *Hull.* But under such a rule, it would not follow, that the *onus probandi* of the issue, would be changed.

Nor would it make any difference, as we can see, that the plaintiff's declaration was defective in not averring a direction or a request by him to the defendants, regarding the betterments to be made upon the leased premises. The sufficiency of the pleadings was not then in issue. The defendants, if they pleased, could have demurred to this part of the declaration, and have pleaded performance of the other independent covenants declared upon; or, if the defect was not cured by verdict, they could have arrested a judgment for the plaintiff, to be rendered upon this breach of the covenants. 1 *Chitt. Pl.* 643.

The court are of opinion, that there has been a mistrial of the cause, and advise that a new trial be granted.

In this opinion the other Judges concurred, except Waite, J., who, for some reason not known to the reporter, declined judging.

New trial to be granted.