Philbrook *v.* Burgess.

———◆———

JOANNA PHILBROOK *versus* EDWARD BURGESS.

In the trial of an action of debt upon a bond, which, by its terms, is to be void on condition that the defendant "shall truly and faithfully maintain" the plaintiff "during her life," &c., it is the legal duty of the presiding Judge to assess the damages.

In such case, such sum should be assessed as will not only cover present but prospective damages — such sum as shall be an equivalent for a full performance.

Philbrook *v.* Burgess.

And, in such case, where the defendant pleaded *nil debit*, which plea was joined, and the presiding Judge instructed the *jury* to assess the damages sustained *to the time of trial;* and the defendant did not claim to have the damages assessed by the Court instead of the jury, nor claim a new trial because they were not so assessed, no new trial will be granted.

In the trial of such action, if the defendant prays oyer of the bond' and pleads *nil debit* with a brief statement alleging performance, the burden of proving performance is upon the defendant.

And the instruction to the jury that the plaintiff must show how much she ought to recover, is in favor of the defendant, and he cannot complain of it.

So is the instruction that the jury are to assess all the damages that have accrued up to the time of the trial.

A new trial will not be granted because the presiding Judge admitted immaterial testimony *de bene esse*, against the objections of the defendant, when, in the charge, the jury were instructed to disregard it.

Principles governing the assessment of damages in actions upon bonds enunciated.

ON EXCEPTIONS from *Nisi Prius,* FOX, J., presiding. The facts are sufficiently set forth in the opinion.

*Ruggles,* for the defendant.

*Gould,* for the plaintiff.

The opinion of the Court was drawn by

DAVIS, J.—This is an action of debt for the penalty of a bond, given by the defendant, for the maintenance of the plaintiff and her late husband, during their lives. At the time the bond was given, the husband gave to the defendant a deed of his farm.

The evidence in regard to the insanity of the husband was immaterial; and the jury were properly instructed to disregard it. The plaintiff affirms the validity of the deed, by her suit upon the bond.

The defendant prayed oyer of the bond, and pleaded *nil debit*, with a brief statement of performance of the conditions. The jury were instructed that the burden of proving performance was upon the defendant. If the bond had been *for the performance of an agreement,* and the plaintiff had assigned specific breaches thereof, the rule might, perhaps, have been different. *Postmaster General* v. *Cochran,*

2 Johns., 413; *Palmer* v. *Stebbins,* 3 Pick., 188. But the suit not being upon such a bond, the instructions were correct. *McGregory* v. *Prescott,* 5 Cush., 67; *Perkins* v. *Rogers,* 20 Conn., 81.

The ruling that the *plaintiff* must show *how much* she ought to recover, whether correct or not, was in favor of the defendant; and he cannot complain. Such seems to have been held to be the rule in a hearing upon a motion to chancer the penalty in a bond. *Gowen* v. *Nowell,* 2 Greenl., 13. As this is not a case in which the plaintiff claimed judgment for the penal sum, it is unnecessary for us to express any opinion upon the question.

The jury were instructed to assess all the damages that had accrued up to *the time of the trial.* This rule would have been correct in a suit upon a bond for the performance of covenants or agreements, in which the damages must have been assessed *by the jury.* Is the case at bar one of this kind?

Two classes of bonds have always been recognized by courts of law, as well as of equity. But, in suits at *common law* upon bonds of either kind, before any provisions of statute were made, the jury determined nothing but the issues presented by the pleadings; and, if in any case, their verdict was in favor of the plaintiff, he was entitled to judgment for the penal sum, unless the amount should be reduced *by the Court,* upon a hearing in chancery. 1 Tidd's Pr., 509, 584, 879; *Hardy* v. *Bern,* 5 D. & E., 636.

In this country, in order to relieve the obligors from the rigorous rule of the common law, it seems to have been the practice in some of the States, for the Court to determine the amount of damages *justly due,* upon a hearing of the parties in the suit upon the bond, after default or verdict, without any *process* in equity therefor. When, or how this practice originated, it may not be easy to determine. The Provincial Act of 5 W. & M., c. 5, (1692,) recognized it as existing. By it the powers of common law courts were enlarged, and new courts were established, the highest of

which was a court of chancery. And, lest the powers conferred upon the latter should be held to abridge the power of the common law courts to proceed as before, it was specially provided that, notwithstanding the powers of the court of chancery, the justices of any of the other courts, "when the forfeiture of any penal bond is found, shall be and hereby are empowered to chancer the same unto the just debt or damage." And the Act of 1693, still further enlarging the powers of the court of chancery, contains a similar provision. Anc. Charters, 223, 275. This was re-enacted in Massachusetts in 1785, and was subsequently adopted in this State, by a provision that, in any such action, "when the breach or non-performance shall be found by the jury, or by the default or the confession of the defendant, or upon demurrer, the court before which the action is, shall make up judgment therein for the plaintiff to recover so much as is due according to equity and good conscience." Laws of 1821, c. 50, § 2.

Originally, the proceedings appear to have been substantially the same in all suits upon bonds, of whatever kind. But, as before stated, there were two kinds of bonds; (1,) those made to secure the performance of "covenants or agreements;" and (2,) those which were to be void upon the performance of the conditions therein named, which the obligors were not otherwise bound to perform. In England, while the liabilities of the parties upon bonds of the latter kind remained unchanged, the Act of 8 & 9 W. 3, c. 11, § 8, provided "that in all actions upon any bond or bonds, or on any penal sum, for the non-performance of any covenants or agreements," the plaintiff might suggest or allege as many breaches of the covenants or agreements as he thought fit, and the *jury* should assess the damages sustained *at that time*. Thereupon *judgment* was to be entered for the penal sum, and *execution* was to be issued for the amount of damages assessed by the jury. *Drage* v. *Brand*, 2 Wilson, 377; *Murray* v. *Earl of Stair*, 2 B. & C., 82.

This statute was never adopted in New England. *Mooney*

Philbrook *v.* Burgess.

v. *Demerritt,* 1 N. H., 187; *Bailey* v. *Rogers,* 1 Greenl.,
186. But the Provincial Act of 8 Geo. 2, (1735) was
substantially the same, except that, in suits upon *such bonds,*
while the judgment should be for the penal sum, the *Court*
should assess the damages "sustained at that time," and is-
sue execution for such sum only. Anc. Charters, 499. This
was reënacted in Massachusetts in 1798, and was incorpo-
rated into the laws of this State at the time of our separa-
tion. Laws of 1821, c. 50, § 3. The statute of 1830,
c. 463, so far modified it that the damages were to be assess-
ed *by the jury;* and, in suits upon *this kind* of bonds, the
law has not been changed since that time. *Judgment* is en-
tered for the penal sum; *the jury* assess the damages; and
*execution* is issued for that amount only. Laws of 1842,
c. 31, § 9; R. S., 1841, c. 115, § 78; R. S., 1857, c. 82,
§ 27.

But no such provisions were ever made applicable to suits
upon bonds with merely a *condition of defeasance.* As be-
fore stated, in suits upon *such bonds,* it appears to have been
the common law of New England, recognized in the early
statutes, that the Court, without any process in equity there-
for, should assess the damages justly due, not exceeding the
penal sum and interest, and render judgment and issue exe-
cution therefor. In England, whenever damages are to be
determined by *the Court,* in suits at common law, it is done
personally or by an auditor, prothonotary, or master, upon
whose report of the facts, unless invalidated, the amount is
fixed, and judgment rendered. Tidd's Practice, 569–573;
10 Petersdorff, 631; 2 Saund., 106, note. In this State
the practice has generally been for the parties to be heard
in open Court, by the justice presiding.

The power of the Court to determine the damages in suits
upon such bonds, was affirmed by the laws of 1821, c. 50,
§ 2, as we have previously stated. This section was re-
pealed in 1841. But the statutes, as then revised, empowered
this Court, "as a Court of equity, to hear and determine all
cases of forfeitures in all civil obligations and contracts."

R. S., 1841, c. 96, § 10. And though then, for the first time, *the jury* were authorized to assess the damages in suits upon such bonds, it was only when *they* should find "that any of the conditions of such bonds had been broken." R. S., 1841, c. 115, § 78. In cases where the breach of the conditions appeared by the default, or confession of the defendant, or upon demurrer, no such authority was given to the jury. By the Act of 1842, c. 31, § 9, the power of the jury, in any case, to assess the damages in suits upon any bonds, except those given for the performance of covenants or agreements, was revoked. And though the statute of 1821, c. 50, § 2, was not, in terms, revived, the power of the Court in such a case to determine the amount of damages justly due, for which judgment is to be rendered, has never been questioned. This power has been uniformly exercised by the Court, in Massachusetts and this State, from the earliest settlement of the country, to the present time. *Hathaway* v. *Crosby*, 17 Maine, 448; *Burbank* v. *Berry*, 22 Maine, 483; *Fales* v. *Dow*, 24 Maine, 211; *Call* v. *Barker*, 27 Maine, 97; *Clifford* v. *Kimball*, 39 Maine, 413.

The defendant did not claim to have the damages assessed by the Court, instead of the jury. He does not claim a new trial because they were not so assessed. But he does claim a new trial because the jury were instructed to assess the damages sustained *to the time of the trial*.

At common law, in suits upon bonds for the performance of agreements, if the party could have another action for subsequent breaches, the Court assessed only such damages as had accrued *at the date of the writ*. *Hambleton* v. *Verre*, 2 Saund., 169, note. But, under the Act of 8 and 9, W. 3, and similar statutes in this country, it has been held, that the provision that the jury should assess the damages "sustained at the time," authorized the jury to assess the damages *to the time of the trial*. *Waldo* v. *Forbes*, 1 Mass., 10; *Gardiner* v. *Niles*, 16 Maine, 279; *Gennings* v. *Norton*, 35 Maine, 308; *Whitney* v. *Slayton*, 40 Maine, 224.

But, if the bond is not one for the performance of an

agreement or covenant, but is only to *be void* upon conditions therein specified, there can be but one breach of it, for which there can be but one suit, and one assessment of damages, for which judgment is rendered, and execution issued, as in other cases. Unless every particular in the condition is performed, the whole condition is broken, and all the damages are, in contemplation of law, sustained at that time. If the condition is a *continuing* one, as for the present and future support of the obligee, the damages must be not only to the time of the trial, but prospective beyond that. It is probably for this reason, with others, that it has been thought best for the damages in such cases to be determined upon equitable principles, by the Court. The plaintiff is entitled to recover such sum as, in equity and good conscience, is a present equivalent for a full performance.

The bond in the case at bar, is not one "for the performance of covenants or agreements." It is simply a bond with a condition of defeasance. It is not claimed that there was any covenant or agreement other than the bond itself. As was said by SHEPLEY, J., in Hathaway v. Crosby, 17 Maine, 448, "the obligor does not stipulate in the conditions to pay any sum of money, nor to perform any act. He only secures to himself an option to avoid the bond by the performance of certain acts. The obligees could not exact performance. They could only claim the penalty, by an action of debt, in case of neglect to perform."

If the damages had been assessed by the Court, they would have been *prospective*, for the maintenance of the plaintiff during her life, and not merely to the time of the trial. And, though neither party objected to the assessment of damages by the jury, the same rule should have been given to them by the instructions. Such would not have been the rule in an action upon a covenant for maintenance. *Powers* v. *Ware*, 4 Pick., 106. In such case the plaintiff would have further remedy for *future* maintenance. But in this case, there being no agreement, and no condi-

tion in the bond but one of defeasance, the plaintiff can have but one action, and one recovery of damages. The instructions to the jury, to assess the damages sustained *to the time of the trial*, only, were erroneous. But they were in favor of the defendant; and he cannot complain.

The defendant pleaded *nil debit*, instead of *non est factum;* and the plaintiff joined the issue tendered upon it. The verdict was according to the issue. It is now too late for either party to take any advantage of the irregularity. 2 Starkie, 463; *Garland* v. *Davis*, 4 How. U. S., 131; *Jansen* v. *Ostrander*, 1 Cowen, 670.

The exceptions and motion are overruled. And judgment will be rendered and execution issued for the amount awarded by the jury.

APPLETON, C. J., CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.