GIVEN JAMESON, *petitioner*, *versus* ANDROSCOGGIN R. R. Co.
EMELINE E. MERRILL & *al.*   do.   *versus*   same.
OLIVER W. WHITE,       do.   *versus*   same.

A party seeking a new trial, by reason of interest in a juror, should negative his knowledge of such interest.

A simple denial of such knowledge, made in the motion, omitting to negative such knowledge on the part of his counsel, unaccompanied by any affidavit or other proof establishing the truth of such denial, is not sufficient to warrant the Court to set aside the verdict.

The verdict of a jury, summoned to estimate damages consequent upon the taking, &c., of the lands of several petitioners, over which to locate a railroad, will not be set aside, because the officer, presiding at the hearing, instructed the jury that they should first view the several lots of the respective petitioners, and the hearings thereon should be at one time and in their order.

Any objection to the competency of a sheriff's jury, on the ground that they were not regularly certified or summoned, will be deemed to be waived, unless taken at the trial.

ON EXCEPTIONS from *Nisi Prius*, WALTON, J., presiding.

PETITION for increase of damages sustained by the petitioners, consequent upon the taking, holding and occupying of their land by the Androscoggin Railroad Company.

To the acceptance of the verdict of the jury, the petitioners filed the following objections, viz. :—

1. Because one of the jurors drawn from the town of Phipsburg, removed to the city of Bath after he was drawn and before the time of view and hearing ; that said city of Bath is, and, at the time of said hearing, was interested in

said Androscoggin Railroad; and that the residence of said juror was not then known to said petitioners.

2. Because the instruction of the officer, who presided at the view and hearing, to the effect that the jury, to whom were committed the cases of several petitioners, should view the premises of all the petitioners before the hearing in either case, was in disregard of said Jameson, who should have had his land viewed, and that the view should be immediately followed by a hearing in his case, without regard to the cases of the other petitioners. And the said petitioner believes that, by reason of said instruction, he failed to have such a view and hearing by the jury as is contemplated by the statute; and that he has been greatly injured thereby.

*Adams,* for the petitioner Jameson.

*Gilbert,* for the respondents.

The opinion of the Court was drawn by

APPLETON, C. J.—It is admitted that, at the time of the appraisal of damages, the city of Bath was interested in the defendant corporation, and that one of the jury, by whom the damages were appraised, was an inhabitant thereof.

1. It is objected that the juryman in question was disqualified by reason of such interest.

It does not appear that, at the hearing, any objection to the juryman on account of such interest was taken, or that inquiries on that subject were made. For aught that is shown, the petitioners or their counsel might have been aware of the existence of the alleged interest on account of which they seek to set aside the verdict. It is true the motion filed denies knowledge on the part of the petitioner of such interest,—but it omits to negative such knowledge on the part of his counsel. Nor is the motion verified by affidavit, nor its truth established by any proof whatever.

The interest of a juryman, if known to counsel at the time of trial, though not known to the client until after verdict, is no ground for setting it aside. *Kent* v. *Charlestown,*

2 Gray, 281. Knowledge of the interest of a juryman and then voluntarily proceeding to trial is a waiver of any objection on that account. Where a. new trial is sought for because of a juror's interest, the ignorance of such fact, both on the part of client and counsel, should be fully established. In *Davis* v. *Allen*, 11 Pick., 466, the petitioner for a new trial was required to make affidavit of his ignorance, at the trial of the interest of the juryman, before the Court would grant a review. In *Lane* v. *Goodwin*, 47 Maine, 593, the ignorance of the party, of the relationship of the juryman to the adverse party at and before the trial, was clearly shown. In *Quinebaug Bank* v. *Leavens*, 20 Conn., 86, the Court held the party was bound to make inquiries as to interest or relationship at trial, and if he neglected so to do, he had no claim to be relieved from the consequences of his negligence. But most assuredly a party seeking a new trial by reason of interest in a juror should negative his knowledge of such interest. *Tilton* v. *Kimball*, 52 Maine.

2. The sheriff ruled that the jury should first view the several lots of the respective petitioners, and the hearings of the same should be at one time, and in their order—that is—that all the lots should be viewed, and then the damages of each petitioner should be appraised separately—and the appraisal of each be made in its order. It is difficult to perceive what objection can reasonably be made to this course. It is much more convenient than that proposed by the counsel for the petitioners, and tends to a more speedy trial of the matters in controversy.

3. It is urged that it does not appear that jurymen were legally drawn or returned, or that the jury was legally organized.

No objection was taken at the hearing as to the mode in which the jury were drawn, returned or organized. No error is pointed out as to any of the proceedings in this respect. Any objection to the competency of a sheriff's jury, on the ground that they were not regularly certified or sum-

moned, will be deemed to be waived, unless taken at the trial. The suggestion is too late here. *Walker* v. *Boston & Maine Railroad*, 3 Cush., 20; *Fowler* v. *County Commissioners of Middlesex*, 6 Allen, 92; *Pittsfield* v. *Barnstead*, 40 N. H., 477.

*Exceptions overruled.*

DAVIS, KENT, WALTON, DICKERSON and DANFORTH, JJ., concurred.